# United States Bankruptcy Court
# District of Colorado

| | |
|---|---|
| In re: | Case No. 19-11787-MER |
| **Helene Richan Buchsbaum** | Chapter 13 |
| Debtor | |
| | A Contested Matter |
| | Judge Michael E. Romero |

### Financial Services Vehicle Trust's Objection to Confirmation of Plan Concerning the Treatment of Claim Secured by a 2018 BMW 3 Series Sedan 4D 320xi AWD

Financial Services Vehicle Trust ("Creditor") files this Objection to Confirmation of Plan in the above-captioned bankruptcy case filed by Helene Richan Buchsbaum ("Debtor") and alleges as follows:

### BACKGROUND

1. This United States Bankruptcy Court for the District of Colorado has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (L), and (O).

2. On March 12, 2019, Debtor filed a voluntary bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

3. Creditor holds a security interest in the vehicle of Debtor identified as the 2018 BMW 3 Series Sedan 4D 320xi AWD VIN: WBA8A3C57JA487120 (the "Collateral"). Copies of the closed-end motor vehicle lease agreement (the "Lease") and certificate of title are attached as Exhibits "1" and "2," respectively.

4. Debtor acquired the Collateral on December 19, 2018, pursuant to the Lease. The

Lease matures on December 19, 2021.

5. The Collateral was acquired for the personal use of Debtor.

6. The balance owed under the Lease is $11,404.00

7. The monthly payments under the Lease are $336.40 due on the 18th of each month.

8. Debtor is in default in the amount of $302.80 pursuant to the Lease ("Default").

## ARGUMENT

Creditor objects to confirmation of the Plan filed by Debtor for the following reasons:

9. Debtor's Chapter 13 Plan (Doc. 2) (the "Plan") proposes to assume the Lease and cure the Default through the Plan over 36 months.

10. Assumption requires that the lease be promptly cured or adequate assurances be made that the Trustee will promptly cure the default. *In re Mid Region Petroleum, Inc.*, 1 F.3d 1130, 1132 (10th Cir. 1993).

11. Here, the Plan provides for cure of the Default over 36 months. Such a length of time fails any definition of prompt. To the extent the Plan fails to provide for the timely cure the Default, Creditor objects to confirmation of the Plan.

12. To the extent Debtor is attempting to assert a right of purchase (buy-out of the lease), Creditor objects to such assertion as creating any rights under the plan to purchase the Collateral as the Debtor has no such equitable or contractual rights. Such rights cannot be created in the course of Debtor's Chapter 13 Plan.

WHEREFORE, Creditor asks the Court to deny confirmation of the Chapter 13 Plan filed by Debtor, and dismiss the Chapter 13 case, or, in the alternative, convert the case to a case under Chapter 7 of the Bankruptcy Code. Creditor asks for such other and further relief to which

it is justly entitled.

          Respectfully submitted:
          Sissac Legal Group P.C.

*/s/ Joshua M. DeVard*
Joshua M. DeVard
Texas State Bar No. 24101319
2201 Long Prairie Rd. St. 107
PMB 292
Flower Mound, TEXAS 75022
Telephone: (888) 220-0919
Fax: (214) 602-5642
josh@creditor-rights.com

Attorney for Financial Services Vehicle Trust

### Certificate of Service

I hereby certify that on April 30, 2019, a true and correct copy of the above objection shall be served via electronic means, if available, or as otherwise noted by regular, first class mail, to:

Via US Mail to Debtor: Helene Richan Buchsbaum, 5704 South Florence Street Greenwood Village, CO 80111

Via US Mail or CM/ECF to Counsel for Debtor: Daniel T. Birney 1777 S. Bellaire St. Ste. 419  Denver, CO 80222

Via US Mail or CM/ECF to Chapter 13 Trustee: Douglas B. Kiel, 7100 E Belleview Ave Ste. 300  Greenwood Village, CO 80111

Via US Mail or CM/ECF to US Trustee: Byron G Rogers Federal Building 1961 Stout St Ste. 12-200  Denver,  CO 80294

          */s/  Candace Murphy*
          Candace Murphy